IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DOUGLAS MICHAEL MERSON**,
    Petitioner,

v.                                        CIVIL ACTION NO. 3:17-CV-8
                                                  (GROH)

**KAREN PSZCZOLKOWSKI, WARDEN,**
**OHIO COUNTY CORRECTIONAL CENTER,**
    Respondent.

## REPORT AND RECOMMENDATION

This case was initiated on January 23, 2017, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petitioner was granted leave to proceed *in forma pauperis* on March 2, 2017. ECF No. 7. Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### I.    Factual and Procedural Background

**A.    Petitioner's Conviction and Sentence**

Petitioner is currently a State prisoner incarcerated in the Ohio County Correctional Center. On June 21, 2011, in the Circuit Court of Hampshire County, West Virginia, Criminal Case Number 11-F-18, Petitioner pled guilty and was convicted of bringing stolen property into the State. Petitioner was sentenced to not less than one

1

nor more than ten years in the penitentiary by order entered June 28, 2011. Pursuant to the parties' plea agreement, after Petitioner "having been imprisoned an additional four (4) months," his counsel filed a motion to reconsider sentence. Following an October 31, 2011, hearing on Petitioner's motion to reconsider, the remainder of his sentence was suspended, and Petitioner was released upon probation for five years. The court entered a probation order to that effect on November 15, 2011. Starting in January 2012, through February 2013, Petitioner's probation officer filed at least one notice of probation violation every month.[1]

During the period of his probation, Petitioner was charged with other criminal offenses in West Virginia and Virginia.

On July 27, 2012, Petitioner waived his right to contest his extradition to Shenandoah County, Virginia, in Hampshire County criminal action number 12-P-CR-31. Petitioner's transfer to Shenandoah County resulted in his absence from West Virginia in August 2012, and his resulting failure to report to his Hampshire County probation officer that month.

Following his transfer to Virginia, on August 1, 2012, Petitioner was arrested in Shenandoah County, Virginia, for offenses alleged to have been committed on February 22, 2011. A review of the online Virginia Courts Case Information System (VACIS) for Shenandoah County Circuit Court shows that on May 29, 2013, Petitioner was convicted upon his plea of (1) Grand Larceny: Auto Theft in case number CR12000716-00; (2) Entering a Structure to Commit Assault & Battery or Other Felony in case

---

[1] The notices were filed on January 9, 2012, February 3, 2012, March 6, 2012, April 9, 22012, May 10, 2012, June 7, 2012, July 10, 2012, August 23, 2012, August 28, 2012, September 6, 2012, October 11, 2012, November 2, 2012, December 7, 2012, January 8, 2013 and February 7, 2013. The August 28, 2012 notice stated that Petitioner failed to appear for his monthly meeting with his probation officer. All the other notices stated that Petitioner failed to pay various fees.

number CR12000717-00; and (3) Eluding Police in case number CR12000718-00. The VACIS shows that in CR12000716-00, CR12000717-00 and CR12000718-00 a three year sentence was imposed but suspended for probation. However, records for three related case numbers, CR12000716-01, CR12000717-01 and CR12000718-01, reflect that on December 16, 2015, Petitioner's Shenandoah County probation was revoked and the underlying sentence was imposed on the basis of Violation of Good Behavior on Felony Offense.

On January 22, 2013, Petitioner was arrested in Hardy County, West Virginia, for possession of a stolen vehicle, fleeing, and driving on a suspended license. Those offenses served as the basis for a motion to revoke probation in Hampshire County criminal case number 11-F-18 filed on February 6, 2013. The motion to revoke probation stated that Petitioner failed to report to his probation officer in February and March 2012, and January 2013. The motion also noted that because Petitioner was incarcerated in Virginia in August 2012, he was also unable to report that month. Further, the motion stated that Petitioner had been unemployed since being placed upon probation and that he was more than six months behind on his court costs. Following a March 1, 2013, hearing, additional terms and conditions were imposed and Petitioner was reinstated to probation. Starting on March 5, 2013, through August 11, 2014, Petitioner's probation officer filed seven additional notices of probation violation.[2]

On October 2, 2013, based on Petitioner's West Virginia charges, Virginia officials prepared a "Capias to Show Cause" based on Petitioner's failure to abide by

---

[2] Those notices were filed March 5, 2013, April 9, 2013, May 6, 2013, June 11, 2013 and June 4, 2014, July 10, 2014 and August 11, 2014. The June 4, 2014, notice stated that Petitioner failed to appear for his monthly meeting with his probation officer on May 14, 2014. All the other notices stated that Petitioner failed to pay various fees.

the terms of his Shenandoah County probation related to his May 29, 2013 convictions.

On June 16, 2014, Petitioner was arrested in Hampshire County for the felony of fleeing while DUI[3]. That arrest served as the basis for the second motion to revoke Petitioner's Hampshire County probation in criminal case number 11-F-18 filed on June 18, 2014, along with allegations that Petitioner: failed to report to his probation officer from April through June, 2014; remained unemployed; was more than a year behind on paying his probation fees; and nearly two years behind on paying his court costs.

On September 9, 2014, Petitioner was indicted in Hampshire County in case number 14-F-63 and charged with felony fleeing while DUI, and four misdemeanors, including fleeing on foot. On October 30, 2014, Petitioner entered a guilty plea to the misdemeanor charge of DUI, 1st offense, reduced from the felony fleeing while DUI charge, and to fleeing on foot as charged. By order entered October 3, 2014, Petitioner's respective six month and one year sentences were initially imposed consecutively to one another and consecutively to his sentence in criminal case number 11-F-18, but by amended order entered December 12, 2014, the misdemeanor sentences were to be served concurrently to one another but consecutively to his sentence in criminal case number 11-F-18.

Pursuant to an order entered October 29, 2014, Petitioner's probation in criminal case number 11-F-18 was revoked and he was ordered to serve the indeterminate term of not less than one nor more than ten years in the State penitentiary, receiving credit for time already served. An amended order was entered on December 12, 2014, which provided that Petitioner was entitled to 249 days of credit toward his sentence. Both

---

[3] The fleeing while DUI was alleged to have occurred over 2.5 miles of public roads, with Petitioner driving through a back yard to reach a roadway, and through an open field to reach another roadway, all while law enforcement's emergency lights and siren were activated.

orders directed that the sentence should be served consecutively to the sentence in Hampshire County criminal case number 14-F-63.

The following year, on October 13, 2015, Petitioner was paroled by the West Virginia Parole Board. However, by Parole Board order entered December 21, 2016, Petitioner's parole was revoked based on testimony from a parole officer that he: failed to report on August 4, 2016, August 16, 2016, August 22, 2016, and August 23, 2016; failed to submit a truthful written report to his parole officer for July 2016; absconded on or about August 25, 2016; and was charged with petit larceny on or about November 3, 2016. The Parole Board order reflects that Petitioner is next eligible for parole consideration in October, 2017.

Throughout the pendency of criminal case number 11-F-18, Petitioner filed several motions for reconsideration of his sentence generally. The first, filed June 22, 2011, was contemplated by the plea agreement and resulted in Petitioner being release upon probation with the remainder of his sentence being suspended. Petitioner filed several additional letters and motions seeking reconsideration, some pro se, and some by counsel. On November 7, 2014, Petitioner, acting pro se, sent the court a letter requesting reconsideration. On November 19, 2014, Petitioner's counsel filed a second motion for reconsideration, after which the order imposing consecutive sentences for 11-F-18 and 14-F-63 was entered December 12, 2014. On April 10, 2015, Petitioner acting pro se, filed a third Motion for Reconsideration and/or Reduction of Sentence which was denied by order entered April 14, 2015. On July 10, 2015, Petitioner, again acting pro se, filed a fourth Motion for Reconsideration and/or Reduction of Sentence which was denied by order entered July 14, 2015. On November 10, 2016, the court

entered an order denying a fifth motion for reconsideration filed on that same date.[4] On December 30, 2016, Petitioner sent a letter to the court asking for reconsideration. The court took no action in response to Petitioner's December 30, 2016 letter.

On January 26, 2017, Petitioner filed a motion with the Hampshire County Circuit Court to "appeal" the Parole Board's parole revocation order entered December 21, 2016. According to the Division of Corrections website, Petitioner's projected release date is April 25, 2019. The court took no action in response to Petitioner's January 13, 2017 pro se motion.

### B. Petitioner's Direct Appeal

Petitioner never filed a notice of intent to appeal in circuit court or perfected a direct appeal of his conviction in the Supreme Court of Appeals of West Virginia, nor was he prohibited from doing so by any plea term.

### C. Petitioner's State Habeas Petitions

Petitioner first filed a petition for habeas corpus in the circuit court of Hampshire County on September 12, 2014, in case number 14-C-117. By order entered October 9, 2014, the Hampshire County Circuit Court, summarily dismissed that petition, noting that a habeas corpus proceeding is not a substitute for a writ of error and finding that Petitioner "failed to assert claims that are cognizable in a habeas corpus proceeding."

Petitioner next filed a petition for the writ of habeas corpus in the Supreme Court of Appeals of West Virginia on February 6, 2017, in that Court's docket number 17-0111. As Petitioner admits in his petition herein, the petition with the Supreme Court of Appeals remains pending. ECF No. 4 at 5.

---

[4] The Order was electronically filed and refers to a motion for reconsideration filed on the same date, but the motion itself does not appear on the court's docket.

D. **Petitioner's Federal Habeas Petition**

The Petitioner raises the following grounds for relief in his pending action. First[5], he alleges that his sentence was disproportionate to the crime. ECF No. 4 at 6. Second, Petitioner appears to allege that his counsel was ineffective in his representation because Petitioner had a diminished capacity at the time of the offense and was under "duress," and because his "attorney refused to pursue the matter" in regard to exhausting State remedies. ECF No. 4 at 6 - 7. Third, Petitioner alleges that he wishes to appeal his December 21, 2016 parole revocation on the basis that his attorney was ineffective for failing to present facts which Petitioner requested be raised and which Petitioner believed would have affected the Parole Board's decision. ECF No. 4 at 8 - 9. Fourth, Petitioner alleges that both West Virginia and Virginia[6] have violated his rights without due process of law, by revoking his probation or parole while he has been incarcerated in the other jurisdiction. For relief, Petitioner asks for either (1) a sentence reduction and release from custody or (2) parole reinstatement. In the alternative, Petitioner requests that his sentences imposed in West Virginia and Virginia be imposed concurrently to one another. ECF No. 4 at 20.

II. **Analysis**

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 et seq. Pursuant to 28 U.S.C. §2254(b)(1):

---

[5] In the section entitled "GROUND ONE," Petitioner lists two grounds to pursue his petition which are listed separately as the first and second grounds herein.
[6] In his petition, Petitioner asserts that he must serve a three year sentence in Shenandoah County, Virginia for a violation of probation in that jurisdiction which is predicated on his violation of probation in his Hampshire County case, 11-F-18.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his State remedies. Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Woodfolk v. Maynard, __ F.3d __, 2017 WL 2240221 (4th Cir. May 23, 2017).

As the Supreme Court recognized in Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," *Rose v. Lundy, supra,* 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

8

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court. The Supreme Court explained in Duncan v. Henry, supra, 513 U.S. at 365, 115 S.Ct. at 888, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In Baldwin v. Reese, supra, 541 U.S. at 32, 124 S. Ct. at 1351, the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id. See also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction State habeas corpus proceeding followed by an appeal to the West Virginia

Supreme Court of Appeals.  See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court.") A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  As the Supreme Court explained in Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998). The Fourth Circuit also found in Breard that, "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.

Here, the Petitioner did not file a direct appeal of his State court conviction and sentence.  However, Petitioner filed a petition for habeas corpus in State circuit court, and, following its denial, filed an appeal therefrom, which appeal is currently pending

10

before the Supreme Court of Appeals of West Virginia.  Therefore, the undersigned finds that the Petitioner's claims are not exhausted as he still has a remedy available in State court.  Thus, it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time, and the petition should be dismissed.

### III.  Recommendation

For the reasons set forth in this opinion, it is recommended that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**, preserving the Petitioner's right to renew the same following the proper exhaustion of state remedies. It is further recommended that the Petitioner's Motion to Appoint Counsel [ECF No. 11] be **DENIED as Moot**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

 The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED:  May 31, 2017

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE