**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DOUGLAS MICHAEL MERSON,**

    Petitioner,

v.                                       **CIVIL ACTION NO.: 3:17-CV-8 (GROH)**

**OCCC WARDEN,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On May 31, 2017, Magistrate Judge Trumble issued his R&R, recommending that this Court dismiss the Petitioner's 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state court remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United

States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The Petitioner was served with the R&R on June 12, 2017. To date, neither party has filed objections. Accordingly, the Court will review the R&R for clear error.

Upon careful review, the legal analysis contained within the R&R is sound. However, on May 30, 2017—one day before the R&R was entered—the West Virginia Supreme Court of Appeals denied the Petitioner's request for habeas relief. To date, a writ of certiorari has not been filed. The Petitioner has ninety days from the West Virginia Supreme Court's denial of his habeas petition to file a writ of certiorari with the United States Supreme Court, which is August 28, 2017. See Sup. Ct. Rule 13. Therefore, the West Virginia Supreme Court's decision is not yet final and, accordingly, the Petitioner has not properly exhausted his state court remedies.

Based upon the aforementioned, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 13] should be, and is, hereby **ORDERED ADOPTED**. The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2254 petition [ECF Nos. 1, 4] is **DISMISSED WITHOUT PREJUDICE**. The Petitioner may refile his habeas claim after he has exhausted all available state remedies.

The Clerk is **DIRECTED** to strike this matter from the active docket and transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** August 10, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

2